UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN E. BRAZIL,<br><br>    Plaintiff,<br><br>  v.<br><br>TARIQ A. AQUIL, E.D. PALMER, P.G. DENIS, P.A. SANTIAGO, NOLA GRANNIS, Does 1-100,<br><br>    Defendants.<br>_____ / | No. C 08-4559 PJH (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, a prisoner at Avenal State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 arising from events that occurred at the California Training Facility in Soledad, California ("CTF"), where plaintiff was formerly housed. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendants are responsible for imposing disciplinary charges against him for threatening violence against defendant Aquil.  Plaintiff claims that he is innocent of these "bogus" charges, and that the charges are erroneous.  The fact that a prisoner may have been innocent of the charges does not raise a due process issue.  The Constitution demands due process, not error-free decision-making.  *Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). Plaintiff alleges that he was not allowed to ask any questions of defendant Aquil at the disciplinary hearing, but due process does not require that a prisoner be allowed to cross-examine his accuser at a disciplinary hearing.  *Wolff v. McDonnell*, 418 U.S. 539, 567-68 (1974).  Therefore, plaintiff's allegations regarding his discipline, even liberally construed, do not state a cognizable claim for relief under § 1983 for the violation of his right to due process.

Plaintiff also alleges that defendants also improperly denied his administrative appeals of the disciplinary decision, and that he has been transferred to different prisons. These allegations also do not state a claim for the violation of his constitutional rights. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (there is no constitutional right to a prison administrative appeal or grievance system); *see Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983) (prisoners have no constitutional right to incarceration in a particular institution); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (intrastate prison transfer does not implicate Due Process Clause).

For these reasons the complaint will be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** for failure to state a cognizable claim for relief. Plaintiff's motion for summary judgment (Docket No. 5) is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 8, 2009

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\BRAZIL4559.DSM.wpd

3